IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

MARK HUGHES                           §

v.                                    §   CIVIL ACTION NO.  9:08cv64

DIRECTOR, TDCJ-CID                    §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Mark Hughes, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of the denial of parole.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hughes is serving a 40-year sentence for murder, which was handed down in 1988.  He says that he has been brought up for parole five times and has been denied each time.  He complains that he is supposed to be "considered" for parole, which means that "serious thought" should be given to his request, but that he was never given "serious thought" when he came up for parole.  Instead, he says, the Board spends about three minutes on each inmate.  Hughes discusses indeterminate sentencing and says that between the 1970s and 1992, inmates could count on being released on parole either at the first hearing or after one "remedial continuance."  He says that his parole denials say that "his treatment plan will be monitored," but that this is not being done, that the repeated denials of parole amount to a violation of the doctrine of separation of powers, and that these repeated denials constitute an atypical and significant hardship in relation to the ordinary incidents of prison life.  Finally, Hughes says that inmates accepting plea agreements anticipate receiving shorter sentences and being released at their first opportunity and that he has "done more time than

is required on a life sentence." He also complains that his good time credits have not shortened his sentence, like they are supposed to, nor have they helped him in any way.

After review of the petition, the Magistrate Judge issued a Report on April 10, 2008, recommending that the petition be dismissed, The Magistrate Judge noted first that there is no liberty interest in parole in the State of Texas, and so inmates cannot bring lawsuits complaining of the constitutionality of procedural devices attendant to parole decisions. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). The Magistrate Judge stated that the denial of parole is not an atypical or significant hardship in relation to the ordinary incidents of prison life, that the doctrine of separation of powers has not been incorporated and is not enforced against the states, and that Hughes had failed to show a violation of the doctrine in any event. In this regard, the Magistrate Judge stated that Hughes' arguments regarding indeterminate sentencing lacked merit because Texas abolished indeterminate sentencing in 1981, and that laws regarding parole eligibility did not establish a "minimum sentence."

Turning to the issue of good time, the Magistrate Judge stated that contrary to Hughes' contention, good time did not reduce the length of the sentence, but simply accelerated eligibility for release on parole or mandatory supervision. Because Hughes is serving a sentence for murder with a deadly weapon, good time is not considered in calculating his parole eligibility date, although the Parole Board may look at the total good time accumulated as one factor in determining if the inmate is a suitable candidate for parole. However, Hughes has no liberty interest in his good time credits, or in being released on parole. The Magistrate Judge therefore recommended that Hughes' petition be dismissed and that a certificate of appealability be denied *sua sponte*.

Hughes filed objections to the Magistrate Judge's Report on April 23, 2008. In his objections, Hughes says first that while he may not have a liberty interest in parole, the statutes say that when he is eligible, he is to be "considered" for parole, meaning that he has an expectation that he will be given a "serious thought." He says that he is not claiming a right to be paroled, but then argues that the Supreme Court has abolished the distinction between "rights" and "privileges." He

again says that he has a right to be considered for parole and that the Board cannot deny him parole without observing the criteria set forth by the Legislature.

Hughes says that he objects to the Magistrate Judge's statement that Franklin v. Shields, 569 F.2d 784 (4th Cir. 1977) was not applicable to the district court in the Eastern District of Texas, and again says that one of the required guidelines is that he is to be "considered" for parole. Instead, Hughes says, he has been denied parole simply because he was convicted of murder; he says that this automatic denial amounts to an "atypical and significant hardship."

Hughes' objections are without merit. The Magistrate Judge correctly determined that because Hughes has no liberty interest in release on parole, he cannot bring a lawsuit complaining of the constitutionality of procedural devices attendant to parole decisions. Hughes argues that he is not claiming a liberty interest in being released on parole but rather a liberty interest in being *considered* for release on parole, but this claim is plainly without merit.

Hughes' contention that in order to be properly "considered" for parole, the Board must give "serious thought" to his application for parole is simply a matter of semantics. Furthermore, he has offered nothing beyond his own speculation to show that the Board did not give "serious thought" to his application, nor that the Board did not follow the criteria set out by the Legislature.

As the Magistrate Judge said, the Franklin case is wholly inapposite. The denial of parole is not an "atypical and significant hardship" because no liberty interest in release on parole exists. The root of Hughes' petition is his claim that he has not been released on parole, and he has no liberty interest in such release; consequently, the Magistrate Judge's Report is correct and his petition is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Mark Hughes is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **25** day of **April, 2008.**

_____
Ron Clark, United States District Judge